UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHILIP NIGRO, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:19-cv-03744 |
| | § | |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before me is Defendant's Opposed Motion for Court Appointed Umpire. *See* Dkt. 17.

## BACKGROUND

This is a dispute arising out of an insurance claim made by Philip Nigro ("Nigro") for damage to his property caused by Hurricane Harvey. The insurance carrier, United Property & Casualty Insurance Company ("UPC"), inspected the property and paid on Nigro's claim in the amount of $46,000. Because the parties could not agree on damage assessments for the property's roof and exterior stucco, Nigro filed suit against UPC in Texas state court in June 2019.

Shortly after this case was removed to federal court, this Court granted Plaintiff's Motion to Compel Appraisal and Abatement. *See* Dkt. 16. The case was abated so that the parties could complete the necessary appraisal process. The party-appointed appraisers have been unable to come to an agreement regarding

the amount of loss. The appraisers have also been unable to agree on who to appoint as an umpire to help resolve the appraisal dispute. The underlying insurance policy provides for a court appointed umpire under these circumstances.

## DISCUSSION

Both parties agree that court appointment of an umpire is necessary under the terms of the relevant insurance policy. The only issue is which appraisal umpire to appoint. The court appointed umpire "should be impartial and have relevant experience." *Sandpiper Condo. Council of Owners, Inc. v. Lexington Ins. Co.*, No. 2:18-cv-414, 2020 WL 977254, at *1 (S.D. Tex. Feb. 28, 2020).

The parties have submitted the resumes of five candidates for my consideration in making this appointment. UPC suggests Derrick S. Hancock and Stephen A. Medeiros. Nigro offers up Chris Daniel, Kevin Fulton, and Hon. William "Bill" McLeod. Although I am not personally acquainted with any of these individuals, they appear to be extremely well-qualified, and there is no reason to question their objectivity. Nonetheless, I think it would be more appropriate to select an umpire from my own list of candidates rather than from the suggestions made by the parties. This will eliminate any appearance of impropriety and more adequately ensure the impartiality of the appointed umpire. By doing so, we also eliminate a situation in which one side complains that the other side had its preferred umpire selected.

After careful consideration, I appoint the Hon. Scott Link to serve as the appraisal umpire. Judge Link checks all the boxes to act as an umpire. He served

for 11 years as a State District Judge in Harris County, Texas, receiving rave reviews from both plaintiffs and defendants for his hard work, competence, and fairness. Both before and after his tenure on the bench, Judge Link distinguished himself as a highly respected trial lawyer. In recent years, he has developed an impressive reputation as a go-to mediator. Important here, Judge Link has considerable experience serving as an umpire in disputes involving residential and commercial property. In response to my inquiries, Judge Link has indicated his willingness to serve as umpire in this matter. He has also confirmed that he does not have any conflicts with the parties or lawyers involved in this case. I am confident that Judge Link will do a superb job.

## CONCLUSION

For the reasons provided above, Defendant's Motion for Court Appointed Umpire is **GRANTED**, and the Hon. Scott Link is appointed as appraisal umpire. Contact information for Judge Link is available at scottlinklaw.com. The parties are ordered to contact Judge Link within 5 business days so the appraisal process can proceed.

SIGNED on this 23rd day of March 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE